> **such as banks, broker-dealers, and other serviceproviders [sic], that provide those services.  Currently, the Board of Trustees of each fund has authorized such payments.**
>
> If payments made by FMR to FDC or to intermediaries under a Distribution and Service Plan were considered to be paid out of a fund's assets on an ongoing basis, they might increase the cost of your investment and might cost you more than paying other types of sales charges.
>
> \* \* \*
>
> FMR may allocate brokerage transactions in a manner that takes into account the sale of shares of a fund, provided that the fund receives brokerage services and commission rates comparable to those of other broker-dealers.

[Emphasis added.]

95.    The Statement of Additional Information dated December 30, 2002 for funds offered by Fidelity Investment Trust, which includes the Fidelity Blue Chip Growth Fund and is available to the investor upon request, is typical of Statements of Additional Information available for other Fidelity Funds.  It states as follows with respect to Fidelity's payments of Soft Dollars and directed brokerage:

> **Brokers or dealers that execute transactions for a fund may receive commissions that are in excess of the amount of commissions that other brokers or dealers might have charged, in recognition of the products and services they have provided.**
>
> \* \* \*
>
> **FMR is authorized to allocate portfolio transactions in a manner that takes into account assistance received in the distribution of shares of the funds or other Fidelity funds and to use the research services of brokerage and other firms that have provided such assistance.**

[Emphasis added.]

96.    The Prospectuses failed to disclose and misrepresented, *inter alia*, the following material and damaging adverse facts which damaged plaintiff and other members of the Class:

(a)    that Fidelity authorized the payment from fund assets of excessive commissions to broker-dealers in exchange for preferential marketing services and that such payments were in breach of their fiduciary duties, in violation of Section 12(b) of the Investment Company Act, and unprotected by any "safe harbor";

(b)    that Fidelity directed brokerage payments to firms that favored Fidelity Funds, which was a form of marketing that was not disclosed in or authorized by the Fidelity Funds' Rule 12b-1 plans;

(c)    that the Fidelity Funds' Rule 12b-1 plans were not in compliance with Rule 12b-1, and that payments made pursuant to the plans were in violation of Section 12 of the Investment Company Act because, among other reasons, the plans were not properly evaluated by the Trustee Defendants and there was not a reasonable likelihood that the plans would benefit the company and its shareholders;

(d)    that by paying brokers to aggressively steer their clients to Fidelity Funds, Fidelity was knowingly aiding and abetting a breach of fiduciary duties, and profiting from the brokers' improper conduct;

(e)    that any economies of scale achieved by marketing of the Fidelity Funds to new investors were not passed on to Fidelity Funds investors;

(f)    that defendants improperly used Soft Dollars and excessive commissions, paid from Fidelity Funds assets, to pay for overhead expenses, the cost of which should have been borne by Fidelity and not Fidelity Funds investors; and

(g)      that the Trustee Defendants had abdicated their duties under the

Investment Company Act and their common law fiduciary duties, that they failed to monitor and

supervise Fidelity and that, as a consequence, Fidelity was able to systematically skim millions

and millions of dollars from the Fidelity Funds.

## COUNT I

### Against FMR, FMRC and the Trustee Defendants For Violations Of
### Section 34(b) Of The Investment Company Act On Behalf Of The Class

97.     Plaintiff repeats and realleges each and every allegation contained above as if

fully set forth herein.

98.     This Count is asserted against FMR and FMRC in their role as investment

advisers to the Fidelity Funds, and against the Trustee Defendants as trustees of the Fidelity

Funds.

99.     FMR, FMRC and the Trustee Defendants made untrue statements of material fact

in registration statements and reports filed and disseminated pursuant to the Investment

Company Act and omitted to state facts necessary to prevent the statements made therein, in light

of the circumstances under which they were made, from being materially false and misleading.

FMR, FMRC and the Trustee Defendants failed to disclose the following:

(a)      that Fidelity authorized the payment from fund assets of excessive

commissions to broker-dealers in exchange for preferential marketing services and that such

payments were in breach of its fiduciary duties, in violation of Section 12(b) of the Investment

Company Act, and unprotected by any "safe harbor";

(b)      that Fidelity directed brokerage payments to firms that favored Fidelity

Funds, which was a form of marketing that was not disclosed in or authorized by the Fidelity

Funds' Rule 12b-1 plans;

(c)    that the Fidelity Funds' Rule 12b-1 plans were not in compliance with Rule 12b-1, and that payments made pursuant to the plans were in violation of Section 12 of the Investment Company Act because, among other reasons, the plans were not properly evaluated by the Trustee Defendants and there was not a reasonable likelihood that the plans would benefit the company and its shareholders;

(d)    that by paying brokers to aggressively steer their clients to Fidelity Funds, Fidelity was knowingly aiding and abetting a breach of fiduciary duties, and profiting from the brokers' improper conduct;

(e)    that any economies of scale achieved by marketing of the Fidelity Funds to new investors were not passed on to Fidelity Funds investors;

(f)    that defendants improperly used Soft Dollars and excessive commissions, paid from Fidelity Funds assets, to pay for overhead expenses, the cost of which should have been borne by Fidelity and not Fidelity Funds investors; and

(g)    that the Trustee Defendants had abdicated their duties under the Investment Company Act and their common law fiduciary duties, that the Trustee Defendants failed to monitor and supervise Fidelity and that, as a consequence, Fidelity was able to systematically skim millions and millions of dollars from the Fidelity Funds.

100.    By reason of the conduct described above, FMR, FMRC and the Trustee Defendants violated Section 34(b) of the Investment Company Act.

101.    As a direct, proximate and foreseeable result of FMR, FMRC and the Trustee Defendants' violation of Section 34(b) of the Investment Company Act, Fidelity Funds investors have incurred damages.

102.     Plaintiff and the Class have been specially injured by defendants' violations of Section 34(b) of the Investment Company Act.  Such injuries were suffered directly by the shareholders, rather than by the Fidelity Funds themselves.

103.     FMR, FMRC and the Trustee Defendants, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal such adverse material information.

## COUNT II

### Against FMR, FMRC and FDC Pursuant To Section
### 36(b) Of The Investment Company Act
### Derivatively On Behalf Of The Fidelity Funds

104.     Plaintiff repeats and realleges each and every allegation contained above and otherwise incorporates the allegations contained above.

105.     This Count is brought by the Class (as Fidelity Funds securities holders) on behalf of the Fidelity Funds against FMR, FMRC and FDC for breach of their fiduciary duties as defined by Section 36(b) of the Investment Company Act.

106.     FMR, FMRC and FDC had a fiduciary duty to the Fidelity Funds and the Class with respect to the receipt of compensation for services and of payments of a material nature made by and to FMR, FMRC and FDC.

107.     FMR, FMRC and FDC violated Section 36(b) by improperly charging investors in the Fidelity Funds purported Rule 12b-1 marketing fees, and by drawing on Fidelity Funds assets to make undisclosed payments of Soft Dollars and excessive commissions, as defined herein, in violation of Rule 12b-1.

108.     By reason of the conduct described above, FMR, FMRC and FDC violated Section 36(b) of the Investment Company Act.

109.    As a direct, proximate and foreseeable result of FMR, FMRC and FDC's breach

of the fiduciary duty of loyalty in their role as investment adviser and principal underwriter to

Fidelity Funds investors, the Fidelity Funds and the Class have incurred millions of dollars in

damages.

110.    Plaintiff, in this count, seeks to recover the Rule 12b-1 fees, Soft Dollars,

excessive commissions and the management fees charged the Fidelity Funds by FMR, FMRC

and FDC.

## COUNT III

### Against The Johnson Family Group, FMR Corp. and the Trustee Defendants (As Control Persons Of FMR, FMRC and FDC) For Violation Of Section 48(a) Of The Investment Company Act By The Class And Derivatively On Behalf Of The Fidelity Funds

111.    Plaintiff repeats and realleges each and every allegation contained above as if

fully set forth herein.

112.    This Count is brought pursuant to Section 48(a) of the Investment Company Act

against the Johnson Family Group, FMR Corp. and the Trustee Defendants as control persons of

FMR, FMRC and FDC, who caused FMR, FMRC and FDC to commit the violations of the

Investment Company Act alleged herein.    It is appropriate to treat these defendants as a group for

pleading purposes and to presume that the misconduct complained of herein are the collective

actions of the Johnson Family Group, FMR Corp. and the Trustee Defendants.

113.    FMR and FMRC are liable under Section 34(b) of the Investment Company Act

to the Class and FMR, FMRC and FDC are liable under Section 36(b) of the Investment

Company Act to the Fidelity Funds as set forth herein.

114.    The Johnson Family Group, FMR Corp. and the Trustee Defendants were

"control persons" of FMR, FMRC and FDC and caused the violations complained of herein.  By

virtue of their positions of operational control and/or authority over FMR, FMRC and FDC, the Johnson Family Group, FMR Corp. and the Trustee Defendants directly and indirectly, had the power and authority, and exercised the same, to cause FMR, FMRC and FDC to engage in the wrongful conduct complained of herein.

115.    Pursuant to Section 48(a) of the Investment Company Act, by reason of the foregoing, the Johnson Family Group, FMR Corp. and the Trustee Defendants are liable to plaintiff to the same extent as are FMR and FMRC for their primary violations of Section 34(b) and to the same extent as are FMR, FMRC and FDC for their primary violations of Section 36(b) of the Investment Company Act.

116.    By virtue of the foregoing, plaintiff and other Class members are entitled to damages against the Johnson Family Group, FMR Corp. and the Trustee Defendants.

## COUNT IV

### Against FMR and FMRC Under Section 215 Of The Investment Advisers Act For Violations Of Section 206 Of The Investment Advisers Act Derivatively On Behalf Of The Fidelity Funds

117.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

118.    This Count is based upon Section 215 of the Investment Advisers Act, 15 U.S.C. §80b-15.

119.    FMR and FMRC served as "investment advisers" to the Fidelity Funds and plaintiff and other members of the Class pursuant to the Investment Advisers Act.

120.    As fiduciaries pursuant to the Investment Advisers Act, FMR and FMRC were required to serve the Fidelity Funds in a manner in accordance with the federal fiduciary standards set forth in Section 206 of the Investment Advisers Act, 15 U.S.C. §80b-6, governing the conduct of investment advisers.

121.     During the Class Period, FMR and FMRC breached their fiduciary duties to the

Fidelity Funds by engaging in a deceptive contrivance, scheme, practice and course of conduct

pursuant to which they knowingly and/or recklessly engaged in acts, transactions, practices and

courses of business which operated as a fraud upon the Fidelity Funds. As detailed above, FMR

and FMRC skimmed money from the Fidelity Funds by charging and collecting fees from the

Fidelity Funds in violation of the Investment Company Act and the Investment Advisers Act.

The purpose and effect of said scheme, practice and course of conduct was to enrich FMR and

FMRC, among other defendants, at the expense of the Fidelity Funds. FMR and FMRC

breached their fiduciary duties owed to the Fidelity Funds by engaging in the aforesaid

transactions, practices and courses of business knowingly or recklessly so as to constitute a

deceit and fraud upon the Fidelity Funds.

122.     FMR and FMRC are liable as direct participants in the wrongs complained of

herein. FMR and FMRC, because of their position of authority and control over the Fidelity

Funds, were able to and did control the fees charged to and collected from the Fidelity Funds and

otherwise control the operations of the Fidelity Funds.

123.     FMR and FMRC had a duty to (1) disseminate accurate and truthful information

with respect to the Fidelity Funds; and (2) truthfully and uniformly act in accordance with their

stated policies and fiduciary responsibilities to the Fidelity Funds. FMR and FMRC participated

in the wrongdoing complained of herein in order to prevent the Fidelity Funds from knowing of

FMR and FMRC's breaches of fiduciary duties including: (1) the charging of the Fidelity Funds

and Fidelity Funds' investors improper Rule 12b-1 marketing fees; (2) making improper

undisclosed payments of Soft Dollars; (3) making unauthorized use of "directed brokerage" as a

marketing tool; and (4) charging the Fidelity Funds for excessive and improper commission payments to brokers.

124.    As a result of FMR and FMRC's multiple breaches of their fiduciary duties owed to the Fidelity Funds, the Fidelity Funds were damaged.

125.    The Fidelity Funds are entitled to rescind their investment advisory contracts with FMR and FMRC and recover all fees paid in connection with their enrollment pursuant to such agreements.

## COUNT V

### Breach Of Fiduciary Duty Against
### FMR and FMRC On Behalf Of The Class

126.    Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

127.    As advisers to the Fidelity Funds, FMR and FMRC were fiduciaries to the plaintiff and other members of the Class and were required to act with the highest obligations of good faith, loyalty, fair dealing, due care and candor.

128.    As set forth above, FMR and FMRC breached their fiduciary duties to plaintiff and the Class.

129.    Plaintiff and the Class have been specially injured as a direct, proximate and foreseeable result of such breach on the part of FMR and FMRC and have suffered substantial damages.

130.    Because FMR and FMRC acted with reckless and willful disregard for the rights of plaintiff and other members of the Class, FMR and FMRC are liable for punitive damages in an amount to be determined by the jury.

## COUNT VI

### Breach Of Fiduciary Duty Against The Trustee
### Defendants On Behalf Of The Class

131.    Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

132.    As Fidelity Funds trustees, the Trustee Defendants had a fiduciary duty to the Fidelity Funds and Fidelity Funds investors to supervise and monitor FMR, FMRC and FDC.

133.    The Trustee Defendants breached their fiduciary duties by reason of the acts alleged herein, including their knowing or reckless failure to prevent FMR, FMRC and FDC from (1) charging the Fidelity Funds and Fidelity Funds investors improper Rule 12b-1 marketing fees; (2) making improper undisclosed payments of Soft Dollars; (3) making unauthorized use of "directed brokerage" as a marketing tool; and (4) charging the Fidelity Funds for excessive and improper commission payments to brokers.

134.    Plaintiff and the Class have been specially injured as a direct, proximate and foreseeable result of such breach on the part of the Trustee Defendants and have suffered substantial damages.

135.    Because the Trustee Defendants acted with reckless and willful disregard for the rights of plaintiff and other members of the Class, the Trustee Defendants are liable for punitive damages in an amount to be determined by the jury.

## COUNT VII

### Aiding And Abetting A Breach Of Fiduciary Duty
### Against FMR, FMRC and FDC On Behalf Of The Class

136.    Plaintiff repeats and realleges each of the preceding allegations as though fully set forth herein.

137.    At all times herein, the broker-dealers that sold Fidelity Funds had fiduciary duties of loyalty to their clients, including plaintiff and other members of the Class.

138.    FMR, FMRC and FDC knew or should have known that the broker-dealers had these fiduciary duties.

139.    By accepting improper Rule 12b-1 fees, Soft Dollars and excessive commissions in exchange for aggressively pushing Fidelity Funds, and by failing to disclose the receipt of such fees, the brokerages breached their fiduciary duties to plaintiff and the other members of the Class.

140.    FMR, FMRC and FDC possessed actual or constructive knowledge that the brokerages were breaching their fiduciary duties, but nonetheless perpetrated the fraudulent scheme alleged herein.

141.    FMR, FMRC and FDC's actions, as described in this complaint, were a substantial factor in causing the losses suffered by plaintiff and the other members of the class. By actively participating in the brokerages' breaches of fiduciary duties, FMR, FMRC and FDC are liable therefor.

142.    As a direct, proximate and foreseeable result of FMR, FMRC and FDC's knowing participation in the brokerages' breaches of fiduciary duties, plaintiff and the Class have suffered damages.

143.    Because FMR, FMRC and FDC acted with reckless and willful disregard for the rights of plaintiff and other members of the Class, FMR, FMRC and FDC are liable for punitive damages in an amount to be determined by the jury.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays for relief and judgment, as follows:

A.    Determining that this action is a proper class action and certifying plaintiff as the Class representative and plaintiff's counsel as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Awarding punitive damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

D.    Awarding the Fidelity Funds rescission of their contracts with FMR and FMRC, including recovery of all fees which would otherwise apply, and recovery of all fees paid to FMR and FMRC;

E.    Ordering an accounting of all Fidelity Funds-related fees, commissions, and Soft Dollar payments;

F.    Ordering restitution of all unlawfully or discriminatorily obtained fees and charges;

G.    Awarding such other and further relief as this Court may deem just and proper, including any extraordinary equitable and/or injunctive relief as permitted by law or equity to attach, impound or otherwise restrict the defendants' assets to assure that plaintiff and the Class have an effective remedy;

H.    Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

I.    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: July 23, 2004

**GILMAN AND PASTOR, LLP**

David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
Telephone: 781-231-7850

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004
(610) 667-7706

**Counsel for Plaintiff and the Class**

**04** CV **1 1 6 4** 2 RGS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) __Bogatin Family Trust v. Fidelity__
    __Management and Research Company, et al.__

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
    local rule 40.1(a)(1)).

    [ ]  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [X]  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

    [ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    [ ]  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    [ ]  V.   150, 152, 153.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.
    __Gilliam v. Fidelity Management and Research Co., 04-11600(RGS)__

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                              YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See
    28 USC §2403)
                                                              YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES [ ]    NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                              YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).
                                                              YES [X]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division  [X]      Central Division  [ ]      Western Division  [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
        agencies, residing in Massachusetts reside?

        Eastern Division  [ ]      Central Division  [ ]      Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)
                                                   N/A  YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME __David Pastor__

ADDRESS __999 Broadway, Suite 500, Saugus, MA 01906__

TELEPHONE NO. __781-231-7850__

(Coversheetlocal.wpd - 10/17/02)

JS 44
(Rev. 3/99)

**CIVIL COVER SHEET**    04 CV 1 1 6 4 2 RGS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Bogatin Family Trust, Individually And On Behalf of All Others Similarly Situated

Montgomery (PA)

**DEFENDANTS**

Fidelity Management and Research Company

(SEE ATTACHED FOR COMPLETE LIST OF ALL DEFENDANTS)

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David Pastor, Gilman and Pastor, LLP
999 Broadway, Suite 500
Saugus, MA 01906

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action for excessive fees in violation of Investment Company Act and Investment Advisers Act

**VII. REQUESTED IN COMPLAINT:**    CHECK IF THIS IS A CLASS ACTION ☒ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY    JUDGE Stearns    DOCKET NUMBER 04-11600 RGS

DATE  7-23-04

SIGNATURE OF ATTORNEY OF RECORD  David Pastor

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04    11645 DPW

RAPTIM INTERNATIONAL TRAVEL INC.,    )
                                     )
                Plaintiff,           )
        MAGISTRATE JUDGE             )
                                     )
    vs.                              )    Civil Action
                                     )
WATERFRONT TRAVEL SERVICE, INC.,     )
                                     )
                Defendant.           )
                                     )

RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED    YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE 7/23/04

## COMPLAINT

### NATURE OF THE ACTION

This action seeks injunctive relief and damages against Waterfront Travel Services, Inc.

("WTS") for (i) service mark infringement in violation of the provisions of the Lanham Act, 15

U.S.C. § 1051, et seq.; (ii) service mark dilution in violation of Section 43(c) of the Lanham Act,

15 U.S.C. § 1125(c); (iii) false designation of origin and unfair competition in violation of

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iv) violation of the Anticybersquatting

Act, 15 U.S.C. § 1125(d); and (v) common law service mark and trade name infringement,

dilution and unfair competition.

### PARTIES

1.    Raptim International Travel, Inc. ("Raptim International") is a corporation

organized and existing under the laws of the State of New York, with its principal place of

business at 145 North Fourth Street, Lewiston, New York.

2.    Defendant WTS is a Massachusetts corporation with its principal place of

business at 102 Union Wharf, Boston, Massachusetts.

## JURISDICTION AND VENUE

3.        Jurisdiction over this action is conferred on this Court pursuant to 15 U.S.C.

§ 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

4.        Venue in this District is proper under 28 U.S.C. § 1391(b).

## BACKGROUND

5.        Since 1949, Raptim International, Raptim Intercontinental Holdings ("Raptim

Holdings") and Raptim Transport Services ("Raptim Transport") (collectively, the "Raptim

Companies") have maintained and developed, at considerable expense, in the United States and

worldwide, valuable service marks, a valuable trade name, a reputation for excellence, and

valuable relationships with clients and prospective clients.

6.        In order to maintain these assets and associated goodwill, the Raptim Companies

have invested substantial amounts of money and time.

7.        On or about November 6, 1991, Raptim International filed an application with the

United States Patent and Trademark Office ("PTO") seeking to register the service mark

RAPTIM for use in connection with, among other things, arranging travel tours for missionaries.

8.        On or about July 27, 1993, the PTO issued a Certificate of Registration to Raptim

International registering the mark (Registration No. 1,784,472).  A copy of the registration is

attached as Exhibit A.

9.        Raptim International subsequently filed affidavits with the PTO pursuant to

Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065.  The PTO accepted the

affidavits and the registration has become incontestable pursuant to 15 U.S.C. § 1065.

- 2 -

10.    Raptim International is the owner of U.S. Trademark Registration No. 1,784,472.

11.    The Raptim Companies have continuously used the mark RAPTIM® in commerce since 1949 throughout the world.

12.    RAPTIM® has become widely and favorably known throughout the United States and the world, is distinctive, famous and serves as an identifier of Raptim International's products and services, based upon many years of widespread use and extensive advertising and promotion. The public has come to associate the famous RAPTIM® mark with Raptim International, the Raptim Companies and their authorized affiliates as a source of high quality travel services.

13.    The Raptim Companies spend substantial sums each year to advertise, promote, protect and enforce the RAPTIM® mark.

14.    RAPTIM® immediately identifies Raptim International's and its authorized affiliates' products and services to both commercial and personal customers.

15.    As a result of Raptim International's activities in promoting and policing the mark, Raptim International has acquired substantial goodwill in the mark.

### WTS'S UNLAWFUL CONDUCT

16.    In 1992, Raptim Holdings appointed WTS as an agent for the purpose of selling and arranging reduced travel fares and tours for missionary organizations.

17.    In October, 2003, Raptim International, on behalf of itself and the other Raptim Companies, terminated WTS's rights to use the mark RAPTIM®.

- 3 -

18.    In March, 2004, Raptim Transport notified WTS that the Raptim Companies'
negotiated reduced air fare arrangement with the Italian airline Alitalia had been terminated.

19.    WTS does not offer any fares or services provided through or negotiated by the
Raptim Companies, yet willfully refused and continues to refuse to cease its use of the mark
RAPTIM® and Raptim's trade name.  Among other things,

> A.    WTS has registered and maintains a website, wtsraptim.com, in which the
> defendant has improperly imbedded the plaintiff's tradename and
> trademark RAPTIM® within the domain name
>
> B.    WTS maintains a business telephone number (617) 723-1960 containing a
> recorded message which misleads callers by referring to the defendant as a
> "WTS/Raptim Transport Services representative."
>
> C.    On information and belief, WTS offers travel tours and travel fares for
> missionaries under the RAPTIM® mark and trade name, through its
> website at wtsraptim.com and otherwise, thereby misleading consumers
> into believing that they are purchasing a Raptim International product or
> service.

20.    Defendant's conduct is likely to cause confusion or mistake and/or deceive the
purchasing public to believe that defendant is affiliated with, related to, sponsored by or
connected with the Raptim Companies.

- 4 -

21.    Defendant's conduct is likely to cause consumer confusion as to the affiliation or connection between defendant and the Raptim Companies, and thereby permit defendant to trade on the goodwill which Raptim International has developed over many years.

22.    WTS's actions have been willful and have been undertaken with the purpose of deceiving consumers and/or to misappropriate Raptim International's mark and associated goodwill for the unjust benefit of WTS.

<u>COUNT I</u>
(TRADEMARK INFRINGEMENT—15 U.S.C. § 1114(1))

23.    Raptim International realleges paragraphs 1 through 22.

24.    WTS's unauthorized use of the infringing and diluting names constitute a commercial use in interstate commerce.

25.    The acts of defendant WTS alleged herein were done without plaintiff's consent, and constitute a use in commerce and interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of a federally registered mark of plaintiff in connection with the sale, offering for sale, distribution, or advertising of goods or services of defendant.  Such use by defendant WTS has caused or is likely to cause confusion, or to cause mistake or to deceive in violation of 15 U.S.C. §1114(1).

26.    Without plaintiff's consent, and in violation of 15 U.S.C. §1114(1), defendant WTS has reproduced, counterfeited, copied, or colorable imitated a registered mark of plaintiff and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, advertisements or other items intended to be used in commerce and interstate commerce upon or in connection with the sale, offering for sale, distribution, or

- 5 -

advertising of goods or services or in connection with which such use is likely to cause
confusion, or cause mistake or to deceive.

27.    Accordingly, defendant WTS has infringed the trademark rights of plaintiff in
violation of the Trademark Laws of the United States, particularly 15 U.S.C. §1114(1).

28.    Defendant's use of plaintiff's federally-registered RAPTIM® mark was and is
intentional. Defendant's acts as alleged herein have been and are being performed with
defendant's knowledge of plantiff's exclusive rights in the United States to the RAPTIM® mark,
and with knowledge that defendant's imitation of plaintiff's RAPTIM® mark would cause
confusion, or cause mistake or deceive. Defendant's acts as alleged herein constitute a use of a
mark in connection with the sale, offering for sale, or distribution of goods or services in an
intentional, willful and fraudulent violation of 15 U.S.C. §1114(1)(a) in an attempt to confuse
and deceive the purchasing public for defendant's profit.

29.    Defendant WTS, by the acts complained of herein, has caused and is causing
injury to plaintiff, the public and the market in which plaintiff and defendant do business.

30.    Defendant WTS has made, and will make, unlawful gains and profits from its
infringement of plaintiff's RAPTIM® mark, and plaintiff, due to defendant's unlawful
infringement, has been and is being deprived of goodwill, rights and profits which otherwise
would inure to plaintiff. Defendant's acts of infringement have caused and are causing
irreparable injury to Raptim International and plaintiff will continue to suffer such injury unless
defendant is enjoined.

- 6 -

31.     In addition, defendant's infringement has resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT II
### (TRADEMARK DILUTION—15 U.S.C. § 1125(c))

32.     Raptim International realleges paragraphs 1 through 31 above.

33.     The RAPTIM® mark is famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and was famous and distinctive before the time of WTS's use of the mark, as described above.

34.     WTS's continued use of the mark is injuring the reputation enjoyed by the RAPTIM® mark by, among other things, causing the dilution of the distinctive quality by blurring or tarnishing such mark's image, and otherwise lessening the capacity of the RAPTIM® mark to identify and distinguish the services provided by Raptim International, the Raptim Companies and their authorized affiliates.

35.     In addition, on information and belief, Defendant WTS willfully intended to trade on the plaintiff's reputation or to cause dilution of its famous mark, entitling plaintiff to the remedies set forth in sections 1117(a) and 1118 of 15 U.S.C.

36.     WTS has caused and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to Raptim International, and Raptim International is entitled to preliminary and permanent injunctive relief to enjoin WTS's acts and prevent further violations of its rights.  Raptim International has no adequate remedy at law.

37.     Defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

- 7 -

COUNT III
(UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN—15 U.S.C. § 1125(a))

38.     Raptim International realleges paragraphs 1 through 37 above.

39.     Defendant has no rights in and no right to use the mark RAPTIM®.

40.     By the acts complained of herein, defendant WTS has engaged in acts of unfair competition and false designation of origin in violation of the Trademark Laws of the United States, particularly 15 U.S.C. §1125(a).  Among other things, WTS perpetuates the false and misleading commercial impression that WTS is licensed or otherwise authorized to use the RAPTIM® mark and trade name for promotion of its products and/or services, or is otherwise affiliated, connected, associated with or sponsored by Raptim International or the Raptim Companies.

41.     Defendant WTS's acts as alleged herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the defendant with plaintiff, or as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by plaintiff.

42.     Defendant WTS, by the acts complained of herein, has caused and is causing injury to the plaintiff, the public and the market in which plaintiff and defendant do business.

43.     WTS has caused and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Raptim International, and plaintiff  is entitled to preliminary and permanent injunctive relief to enjoin WTS's acts and prevent violation of its rights.  Raptim International has no adequate remedy at law.

- 8 -

44.    In addition, defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

COUNT IV
(CYBERPIRACY—15 U.S.C. § 1125(d))

45.    Raptim International realleges paragraphs 1 through 44 above.

46.    Defendant's registration and use of the domain name wtsraptim.com was and is without the consent, permission or authority of Raptim International.

47.    Defendant's registration and use of the domain name wtsraptim.com, which is confusingly similar to RAPTIM®, constitutes a misappropriation of Raptim International's famous mark.

48.    Defendant's registration and use of the wtsraptim.com domain name was, and is, performed with a bad faith intent to profit therefrom.

49.    Defendant's registration and use of the domain name wtsraptim.com is likely to cause confusion or deceive customers as to the source, sponsorship, affiliation or endorsement of the defendant's site.

50.    Defendant has unlawfully and wrongfully derived, and will continue to derive, income and profits from its cyberpiracy.

51.    WTS's cyberpiracy has caused immediate and irreparable harm to the plaintiff Raptim International and, unless enjoined by the Court will continue to cause immediate and irreparable harm.  Raptim International has no adequate remedy at law.

52.    Defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

- 9 -

## COUNT V
### (COMMON LAW SERVICE MARK INFRINGEMENT)

53.    Raptim International realleges paragraphs 1 through 52 above.

54.    The RAPTIM® mark is inherently distinctive, or in the alternative has acquired secondary meaning, in the minds of the public as indicating the origin of the plaintiff's services and identifying services known to them by trade name.

55.    The acts of the defendant WTS have created a likelihood that the public will be deceived into thinking that it is dealing with the plaintiff when it is in fact dealing with the defendant.

56.    Defendant's actions have caused and, unless such acts and practices are enjoined by this Court, will continue to cause, consumer confusion as to the source, origin, sponsorship and/or affiliation of WTS's products and their relationship to Raptim International's products and services.

57.    As a result of such conduct, Raptim International has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.  Raptim International has no adequate remedy at law.

58.    In addition, defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT VI
### (COMMON LAW UNFAIR COMPETITION)

59.    Raptim International realleges paragraphs 1 through 58 above.

60.    The acts of WTS as described above constitute unfair competition.

- 10 -

61.    WTS has profited and, unless such acts and practices are enjoined by this Court, will continue to profit by misappropriating the time and money the Raptim Companies have invested in establishing their reputations and goodwill.

62.    As a result of such conduct, Raptim International has suffered and, unless such acts and practices are enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.

63.    WTS has caused and, unless such acts and practices are enjoined by this Court, will continue to cause consumer confusion as to the source, origin, sponsorship and/or affiliation of defendants' products and their relationship to Raptim International's products and services. Raptim International has no adequate remedy at law.

64.    Defendant's actions have resulted in damages and injury to Raptim International in an amount as yet undetermined.

## COUNT VII
### (SERVICE MARK DILUTION/INJURY TO REPUTATION—
### MASS. GEN. LAWS C. 110B, §12)

65.    Raptim International realleges paragraphs 1 through 64 above.

66.    Raptim International's mark is distinctive and is a strong mark, or in the alternative, has acquired secondary meaning.

67.    WTS's use of similar marks has created the likelihood of dilution of the distinctive quality of plaintiff's RAPTIM® mark and has created the likelihood of injury to plaintiff's business reputation.

- 11 -

68.    By reason of the foregoing, Raptim International is entitled to injunctive relief to enjoin WTS's unlawful conduct.

## COUNT VIII
## (UNJUST ENRICHMENT)

69.    Raptim International realleges paragraphs 1 through 68 above.

70.    Defendant's conduct constitutes, and will constitute in the future, unjust enrichment to defendant in many respects, including amounts received in sales and revenues by defendant.

71.    Unless plaintiff is compensated for any ill-gotten benefits, defendant will be unjustly enriched as a result of its inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, Raptim International demands judgment against WTS as follows:

A.    Enjoining permanently, and during the pendency of this action, WTS and its agents, directors, officers, employees and all others acting in concert or participation with WTS from taking any further action in violation of the rights of Raptim International including but not limited to using the RAPTIM® mark or trade name, or any colorable imitation thereof, in connection with any marketing, advertising or sale, in connection with any travel services or other goods or services, or in any other manner which infringes, dilutes or otherwise violates Raptim International's rights or those of its affiliates;

- 12 -

B.      Enjoining permanently, and during the pendency of this action, WTS and its agents, directors, officers, employees and all others acting in concert or participation with WTS from committing any act calculated or likely to cause the public or trade to believe that WTS or its goods, services or commercial activities are in any manner connected, affiliated or associated with, or sponsored by the Raptim Companies and from otherwise unfairly competing with the Raptim Companies or from infringing, diluting or otherwise violating Raptim International's rights;

C.      Ordering that the defendant WTS be required to deliver up to the plaintiff for destruction any an all advertising or other documents identifying the defendant WTS as affiliated in any way with the Raptim Companies;

D.      Ordering that the domain name wtsraptim.com, and any other domain name incorporating the mark RAPTIM®, be transferred to the plaintiff  Raptim International;

E.      Ordering that the defendant WTS account for all profits that it has realized through the aforesaid unlawful acts;

F.      Awarding the plaintiff Raptim International damages, including enhanced or treble damages, and directing that defendant account for and pay over to Raptim International all gains, profits, unjust enrichment and advantages derived by defendant as a result of its conduct;

G.      Awarding the plaintiff Raptim International maximum statutory damages under Count IV;

- 13 -

H.    Awarding the plaintiff Raptim International its costs and disbursements and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

I.    Granting such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), plaintiff demands a trial by jury of all issues triable of right by jury.

RAPTIM INTERNATIONAL TRAVEL INC.,
By its attorneys

Howard J. Castleman, Esq., BBO #551259
Murtha Cullina LLP
99 High Street
Boston. MA 02110
Tel:  (617) 457-4000

OF Counsel

Michael J. Berchou, Esq.
Tara Hart-Nova, Esq.
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, New York  14203-2887
Telephone No.:  (716) 847-8400

Dated: July 21, 2004

BFLO Doc. # 1405445.1

- 14 -

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)**

   Raptim International Travel Inc. v. Waterfront Travel Service, Inc.

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX   II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

   no related cases

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**

   YES      (NO)

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)**

   YES      (NO)

   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**

   YES      NO

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**

   YES      (NO)

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**

   YES      NO

   A.  **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**

       EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B.  **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**

       (EASTERN DIVISION)      CENTRAL DIVISION        WESTERN DIVISION

   **(PLEASE TYPE OR PRINT)**

   ATTORNEY'S NAME    Howard J. Castleman

   ADDRESS    Murtha Cullina LLP, 99 High Street, Boston, MA 02110

   TELEPHONE NO.    (617) 457-4000

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Raptim International Travel Inc.

**DEFENDANTS**

Waterfront Travel Service, Inc.

(b) County of Residence of First Listed Plaintiff  *Niagra County, NY*
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Howard J. Castleman, Esq.
Murtha Cullina LLP
99 High Street, 20th Floor
Boston, MA 02110   Telephone: (617) 457-4000

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of   Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| Judgment | ☐ 330 Federal Employers'   Injury Product | ☐ 650 Airline Regs. | | Corrupt Organizations |
| ☐ 151 Medicare Act | Liability   Liability | ☐ 660 Occupational | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | Exchange |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | | ☐ 875 Customer Challenge |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| of Veteran's Benefits | ☐ 355 Motor Vehicle   Property Damage | | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury   Product Liability | Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)  *Trademark Infringement*

Lanham Act, 15 U.S.C. § 1051, et seq.; Lanham Act, 15 U.S.C. § 1125(c); Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Anticybersquatting Act, 15 U.S.C. § 1125(d); common law service mark and trade name infringement.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  *7/22/04*    SIGNATURE OF ATTORNEY OF RECORD  *Howard J. Castleman*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____