UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) FIDELITY MANAGEMENT & ) RESEARCH COMPANY et al., ) ) Defendants. ) ) | CIVIL ACTION NO. 04-cv-11600-NG |
| BOGATIN FAMILY TRUST, Individually ) And On Behalf Of All Others Similarly ) Situated, ) ) Plaintiff, ) ) v. ) ) FIDELITY MANAGEMENT & ) RESEARCH COMPANY et al., ) ) Defendants. ) ) | CIVIL ACTION NO. 04-cv-11642-NG |
| CYNTHIA A. BENNETT and ) GUY E. MILLER, ) ) Plaintiffs, ) v. ) ) FIDELITY MANAGEMENT & ) RESEARCH COMPANY and ) FMR CO., INC., ) ) Defendants. ) ) | CIVIL ACTION NO. 04-cv-11651-MLW |

[Caption continues on next page]

| | |
|---|---|
| GHASSAN J. AWALI, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 04-cv-11709-MLW |
| WILLIAM S. GROESCHEL, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY, et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 04-cv-11735-GAO |
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESELEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SHURGIN, for the use and benefit of FIDELITY MAGELLAN and FIDELITY CONTRAFUND,<br><br>    Plaintiffs,<br><br>v.<br><br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 04-cv-11756-MLW |

[Caption continues on next page]

```
_____
DAVID O. FALLERT, Individually And On  )
Behalf Of All Others Similarly Situated,   )
                                           )
           Plaintiff,                      )
                                           )
v.                                         )        CIVIL ACTION
                                           )        NO. 04-cv-11812-MLW
FIDELITY MANAGEMENT &                      )
RESEARCH COMPANY et al.,                   )
                                           )
           Defendants.                     )
_____)
```

## BENNETT PLAINTIFFS' RESPONSE TO FIDELITY DEFENDANTS' MOTION FOR CONSOLIDATION AND SEVERANCE OF CLAIMS

Cynthia A. Bennett and Guy E. Miller (the "Bennett Plaintiffs"), plaintiffs in *Bennett v. Fidelity Management and Research Co. et al.*, No. 04-11651-MLW (the "Bennett Action"), hereby respond to the Fidelity Defendants' Motion for Consolidation and Severance of Claims ("Motion to Sever") and state as follows:

1. The Bennett Plaintiffs agree with the discussion in the Motion to Sever concerning the fundamental differences between the two Excessive Management Fee cases (*Bennett* and *Haugen*) and the five Revenue Sharing cases (*Gilliam*, *Bogatin*, *Awali*, *Fallert*, and *Groeschel*) pending in this district. The factual, legal, evidentiary and procedural differences between the Excessive Management Fee cases and the Revenue Sharing cases, and the reasons why the two groups of cases should not be consolidated, including, as discussed below, the inherent proof conflicts, have been set forth in numerous memoranda including, *inter alia*, the Bennett Plaintiffs' letter opposition to the Class Action Plaintiffs' Motion for Consolidation filed on September 15, 2004, the Bennett Plaintiffs' Proposed Surreply In Opposition To The Class Action Plaintiffs' Motion For Consolidation, the Haugen Plaintiffs' Memorandum of Law In

3

Opposition To Motions For Appointment Of Tri-Lead Counsel And For Consolidation and the Haugen Plaintiffs' [Proposed] Sur-Reply In Opposition To The Motions For Consolidation And Appointment Of Tri-Lead And Liaison Counsel.

2.  The Bennett Plaintiffs submit this brief in order to highlight the fact that the Revenue Sharing cases do not presently state a claim for excessive fees under 15 U.S.C. §80a-35(b) comparable to that alleged in the Excessive Management Fee cases -- that the investment advisory fees paid by Fidelity mutual funds were excessive under the Investment Company Act of 1940 in relation to the actual investment advisory services rendered -- nor does Fidelity assert in its motion that these claims are stated in the Revenue Sharing cases. *See Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 694 F.2d 923, 928 (2d Cir. 1982); 15 U.S.C. §80a-35(b). A simple reading of the Revenue Sharing cases shows conclusively that those five cases do not assert the *Gartenberg* claim for excessive investment advisory fees that is the focus of the *Bennett* and *Haugen* actions. All parties in these seven actions, except for the Revenue Sharing plaintiffs, have previously recognized that the Revenue Sharing cases do not presently state a *Gartenberg* claim to recover excessive investment advisory fees. *See* Bennett Plaintiffs' Proposed Surreply at pp. 8-9; Haugen Plaintiffs' Proposed Sur-Reply at p. 14, note 3; Fidelity Defendants' Motion For Consolidation at pp. 3-4; and Independent Trustee Defendants' Submission In Support Of Fidelity Defendants' Motion For Consolidation And Severance Of Claims at p. 3. Even the Revenue Sharing plaintiffs, themselves, have acknowledged that their various complaints, as presently stated, do not allege section 36(b) *Gartenberg* claims, as they have expressed an intention to amend their already lengthy complaints to include such a claim. *See* The Class Action Plaintiffs' [Proposed] Pretrial Order No. 1 For Consolidation at p. 5.

      3.      Because the Revenue Sharing cases do not state *Gartenberg* claims, there is nothing to sever or transfer from those cases at this time. The broad request for relief in Fidelity's Motion to Sever should not be taken as an acknowledgement that any *Gartenberg* claim presently exists in the Revenue Sharing cases, and the Fidelity Motion does not suggest otherwise. Fidelity's Motion to Sever, therefore, is essentially asking that the Excessive Management Fee cases be permitted to proceed independently before Judge Wolf, where they already have been joined as related cases, and that the Revenue Sharing cases be joined or consolidated with each other before Judge Gertner as appropriate. The Bennett Plaintiffs do not object to this requested relief.

      4.      The suggestion by the Revenue Sharing plaintiffs that they might amend their complaints in the future to state a *Gartenberg* claim does not raise any issue of severance or consolidation under Fidelity's motion at this stage. As a preliminary matter, the Court cannot practically act upon a hypothetical amendment of the Revenue Sharing complaints unless and until those cases actually are amended in some fashion to state a claim that might be considered for severance and transfer.

      5.      In addition, the suggested amendment of the Revenue Sharing cases is not a certain event under Fed. R. Civ. P. 15 for the following reasons.

          a.      Because the Revenue Sharing cases already are so complex and fact-driven, adding *Gartenberg* claims for each of the more than 200 funds will substantially complicate the case and make it unwieldy for effective prosecution.

          b.      Because the *Gartenberg* claims that might be pleaded are so legally and factually different from the complex Revenue Sharing claims already alleged, amending

5

the complaints might result in substantial confusion that would outweigh any minimal benefit derived from creating one huge action.

  c. Given the fact-specific nature of each *Gartenberg* claim and the individual proofs that will have to be made for each individual mutual fund, there might be no benefit in combining hundreds of such claims into one action.

  d. Issues of standing may prevent the amendment of the Revenue Sharing complaints because the Revenue Sharing plaintiffs have owned only 32 of the 208 mutual funds that they claim to represent. *See* 15 U.S.C. §80a-35(b).

  e. The request to amend the Revenue Sharing cases could be viewed with skepticism in light of the Revenue Sharing plaintiffs' efforts to date to copy allegations from the *Bennett* and *Haugen* complaints, to force consolidation of these very different cases, to stay the ongoing prosecution of the Excessive Management Fee cases, and to aggressively seek appointment of their own attorneys as lead counsel in all cases and for all claims.

  6. Finally, the severance and transfer of any *Gartenberg* claims from the Revenue Sharing cases will create an inescapable conflict with the claims already pending in the Excessive Management Fee cases. As set forth more fully in the Bennett Plaintiffs' Proposed Surreply In Opposition To The Class Action Plaintiffs' Motion For Consolidation, the proof of a *Gartenberg* claim depends on issues such as fund size, profitability and economies of scale. *See Pfeifer v. Bjurman, Barry Micro Cap Growth Fund*, No. 03-9741, 2004 U.S. Dist. LEXIS 16924, *13 (S.D.N.Y. Aug. 26, 2004). Germane to this proof is a comparison of the fund fees at issue to the fees charged to other funds within the same mutual fund family or complex. *See* S. Rep. No. 91-184 at 15 (1969). The 208 funds identified in the Revenue Sharing cases are of all different

6

sizes. Moreover, these 208 funds all pay different amounts in investment advisory fees. The Bennett Plaintiffs do not assert that all 208 funds were charged excessive fees under section 36(b). The proof that the investment advisory fees charged to the five funds in the *Bennett* and *Haugen* actions are excessive will in part rely upon a comparison to the reasonable fees charged to other Fidelity mutual funds named in the Revenue Sharing cases. Pursuing section 36(b) claims on behalf of more than 200 funds simultaneously will present unavoidable proof conflicts that will prevent the cases from proceeding together and certainly with the same counsel. In light of this conflict, even if *Gartenberg* claims had been stated in the Revenue Sharing cases, it would be improper to sever those claims and join them with the discrete claims against the five specific funds at issue in the Excessive Management Fee cases.

> Respectfully submitted,
>
> CYNTHIA A. BENNETT and
> GUY E. MILLER,
>
> By their attorneys,
>
>     s/Matthew J. Tuttle
> Robert D. Friedman, BBO# 180240
>   rfriedman@pscboston.com
> Harry S. Miller, BBO# 346946
>   hmiller@pscboston.com
> Matthew J. Tuttle, BBO# 562758
>   mtuttle@pscboston.com
> Sara B. Davis, BBO# 648002
>   sdavis@pscboston.com
> PERKINS SMITH & COHEN LLP
> One Beacon Street, 30th Floor
> Boston, MA 02108
> (617) 854-4000

7

|  |  |
|---|---|
|  | Thomas R. Grady (*pro hac vice*)<br>THOMAS R. GRADY, P.A.<br>720 Fifth Avenue South<br>Suite 200<br>Naples, Florida 34102 |
| Dated:  January 12, 2005 | (239) 261-6555 |

31363-2-RespFidelitySever-0112.doc