UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>FIDELITY MANAGEMENT & RESEARCH COMPANY et al.,  )<br>)<br>Defendants.  )  | CIVIL ACTION<br>NO. 04-cv-11600-NG |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>FIDELITY MANAGEMENT & RESEARCH COMPANY et al.,  )<br>)<br>Defendants.  ) | CIVIL ACTION<br>NO. 04-cv-11642-NG |
| CYNTHIA A. BENNETT and GUY E. MILLER,  )<br>)<br>Plaintiffs,  )<br>v.  )<br>)<br>FIDELITY MANAGEMENT & RESEARCH COMPANY and FMR CO., INC.,  )<br>)<br>Defendants.  ) | CIVIL ACTION<br>NO. 04-cv-11651-MLW |

[Caption continues on next page]

| | |
|---|---|
| _____<br>GHASSAN J. AWALI, Individually And )<br>On Behalf Of All Others Similarly Situated, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>FIDELITY MANAGEMENT & )<br>RESEARCH COMPANY et al., )<br>)<br>      Defendants. )<br>_____) | CIVIL ACTION<br>NO. 04-cv-11709-MLW |
| WILLIAM S. GROESCHEL, Individually )<br>And On Behalf Of All Others Similarly )<br>Situated, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>FIDELITY MANAGEMENT & )<br>RESEARCH COMPANY, et al., )<br>)<br>      Defendants. )<br>_____) | CIVIL ACTION<br>NO. 04-cv-11735-GAO |
| NANCY HAUGEN, MICHAEL F. )<br>MAGNAN, KAREN L. MAGNAN, )<br>ROSE M. IANNACCONE, PRESELEY C. )<br>PHILLIPS, ANDREA M. PHILLIPS, )<br>and CINDY SHURGIN, for the use and )<br>benefit of FIDELITY MAGELLAN )<br>and FIDELITY CONTRAFUND, )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>FIDELITY MANAGEMENT & )<br>RESEARCH COMPANY and )<br>FMR CO., INC., )<br>)<br>      Defendants. )<br>_____) | CIVIL ACTION<br>NO. 04-cv-11756-MLW |

[Caption continues on next page]

2

```
_____
DAVID O. FALLERT, Individually And On  )
Behalf Of All Others Similarly Situated,   )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )    CIVIL ACTION
                                           )    NO. 04-cv-11812-MLW
FIDELITY MANAGEMENT &                      )
RESEARCH COMPANY et al.,                   )
                                           )
            Defendants.                    )
_____)
```

**THE BENNETT PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE
THE BENNETT PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY
AND THE BENNETT PLAINTIFFS' [PROPOSED] SURREPLY IN OPPOSITION
TO THE CLASS ACTION PLAINTIFFS' MOTION FOR CONSOLIDATION**

Plaintiffs Cynthia A. Bennett and Guy E. Miller (the "Bennett Plaintiffs") respectfully submit this opposition to the Motion to Strike the Bennett Plaintiffs' Motion for Leave to File Surreply and the Bennett Plaintiffs' [Proposed] Surreply in Opposition to the Class Action Plaintiffs' Motion for Consolidation (the "Motion to Strike") filed by the plaintiffs in *Gilliam* (04-cv-11600-NG), *Bogatin Family Trust* (04-cv-11642-NG), *Awali* (04-cv-11706-MLW), *Groeschel* (04-cv-11735-GAO) and *Fallert* (04-cv-11812-MLW) (respectfully, the "Class Actions" and the "Class Action Plaintiffs").

The Bennett Plaintiffs' Motion for Leave to File Surreply with attached [Proposed] Surreply in Opposition to the Class Action Plaintiffs' Motion for Consolidation (together, the "Proposed Surreply"), were properly filed pursuant to Local Rule 7.1. The Class Action Plaintiffs do not have a good faith basis for their motion to strike the Proposed Surreply. The Class Action Plaintiffs do not assert that the Proposed Surreply was filed improperly, that it was untimely, or that it otherwise fails in any procedural respect. Instead, the Class Action Plaintiffs assert only, without citation to any authority, that because they are movants on the original

3

Motion For Consolidation, they are entitled to the last word. The Class Action Plaintiffs use their Motion to Strike not to assert any valid challenge to the Proposed Surreply, but as a vehicle to get that last word.

A surreply is necessary in this case in order to address the new arguments raised in the Class Action Plaintiffs' Memorandum of Law in Further Support of their Motion for Consolidation (the "Reply Brief").[1] The Class Action Plaintiffs' original Motion for Consolidation was bare bones at best and did not raise any of the substantive issues addressed in the Reply Brief. The Bennett Plaintiffs have properly sought leave of the Court to address these new issues. Despite the Class Action Plaintiffs' assertions otherwise, the Bennett Plaintiffs' Proposed Surreply does not simply rehash the issues already raised in the Bennett Plaintiffs' opposition letter. The Proposed Surreply specifically responds to issues raised for the first time in the Reply Brief. Indeed, the Class Action Plaintiffs use the Motion to Strike in order to reply for the first time to the new issues addressed in the Proposed Surreply, and cannot credibly argue that the Proposed Surreply is simply a reiteration of prior filings.

The Proposed Surreply includes a detailed discussion of the legal and factual differences and the inherent proof conflicts that exist between the Bennett Action and the Class Actions that advise against consolidation. Specifically, the Proposed Surreply makes it clear that the Bennett Plaintiffs do not allege, as the Class Action Plaintiffs do, that the fees charged to all Fidelity funds were excessive. As set forth in the Proposed Surreply, the Bennett Plaintiffs intend to prove the excessiveness of the five funds at issue in the Bennett Acton in part via a comparison to what the Bennett Plaintiffs claim were reasonable fees charged to certain other Fidelity funds,

---

[1] The Class Action Plaintiffs' originally filed their Reply Brief without leave of Court in violation of Local Rule 7.1(B)(3). The Class Action Plaintiffs only attempted to conform with proper court procedure when they were informed that the Bennett Plaintiffs and the Haugen Plaintiffs intended to seek leave of the Court to file their surreplies.

all of which are claimed by the Class Action Plaintiffs to be excessive. This is an inherent proof conflict that will only lead to confusion and delay if the cases are consolidated.

Although the Class Action Plaintiffs are free to raise their objections to the Proposed Surreply in an opposition brief, a motion to strike is not an appropriate response to a motion. Neither the Federal Rules of Civil Procedure nor the Local Rules of this District provide for a motion to strike in response to a motion. *See* Fed. R. Civ. P. 12(f) and 7(a) (authorizing motion to strike with respect to <u>pleadings</u> only); L.R. 7.1(B)(3) (implying that only an opposition is an appropriate response to a motion); *see also Stow v. Peterson*, 204 F. Supp. 2d 40, 43 n. 2 (D. Me. 2002) (denying motion to strike not directed at a pleading as required by Rule 12(f)).

The Class Action Plaintiffs have repeatedly used motions to strike in this case in an improper manner. In addition to the instant Motion to Strike, the Class Action Plaintiffs have filed motions to strike the Haugen Plaintiffs' Motion for Leave to File Sur-reply, the Fidelity Defendants' Motion for Consolidation and Severance of Claims, and the Independent Trustee Defendants' Submission in Support of Fidelity Defendants' Motion for Consolidation and Severance of Claims. The result of this improper motion practice is to further complicate and burden an already full docket and to distract the Court from the real issues that require Court attention. The Class Action Plaintiffs' improper and baseless filing should be rejected by the Court.

5

## **CONCLUSION**

For the foregoing reasons, the Bennett Plaintiffs respectfully request that the Motion to Strike the Bennett Plaintiffs' Motion for Leave to File Surreply and the Bennett Plaintiffs' [Proposed] Surreply in Opposition to the Class Action Plaintiffs' Motion For Consolidate be denied in its entirety.

    Respectfully submitted,

    CYNTHIA A. BENNETT and
    GUY E. MILLER,

    By their attorneys,


       s/Matthew J. Tuttle
    Robert D. Friedman, BBO# 180240
      rfriedman@pscboston.com
    Harry S. Miller,  BBO# 346946
      hmiller@pscboston.com
    Matthew J. Tuttle,  BBO# 562758
      mtuttle@pscboston.com
    Sara B. Davis,  BBO# 648002
      sdavis@pscboston.com
    PERKINS SMITH & COHEN LLP
    One Beacon Street, 30th Floor
    Boston, MA  02108
    (617) 854-4000

    Thomas R. Grady (*pro hac vice*)
    THOMAS R. GRADY, P.A.
    720 Fifth Avenue South
    Suite 200
    Naples, Florida 34102
Dated:  January 24, 2005    (239) 261-6555

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party via the electronic filing system or via facsimile on January 24, 2005.

                                                                          s/Sara B. Davis
                                                                          Sara B. Davis